```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

RR RESTORATION, LLC, a/a/o
Amblewood       Condominium
Association, Inc.,

        Plaintiff,

v.                                 Case No:  2:21-cv-866-JES-NPM

EMPIRE   INDEMNITY   INSURANCE
COMPANY,

        Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on defendant Empire's Motion To Dismiss (Doc. #86) filed on March 5, 2024. Plaintiff RR Restoration, LLC filed Plaintiff's Response To Defendant's Motion To Dismiss (Doc. #90) on March 25, 2024. For the reasons set forth below, the motion is denied as to dismissal, but the case is remanded to state court for lack of subject matter jurisdiction in federal court.

**I.**

On the eve of trial, defendant Empire Indemnity Insurance Company (Defendant or Empire) seeks to dismiss this case for lack of subject matter jurisdiction. More specifically, Empire argues that RR Restoration, LLC (Plaintiff or RR Restoration) lacks standing to sue Empire because it is not the insured under the Policy issued by Empire, a party to Empire's insurance contract,

nor did it acquire any rights under a purported assignment attached to the Complaint because those documents do not constitute an assignment of rights. RR Restoration responds that the attached documents do constitute a valid assignment of benefits, and in any event, Empire lacks standing to challenge the validity of that assignment.

**II.**

A brief procedural history is in order. Empire issued a surplus lines commercial insurance Policy to Amblewood Condominium Association, Inc. (Amblewood) covering nine buildings in its condominium complex. On or about September 10, 2017, while the Policy was in effect, Hurricane Irma hit the area and allegedly caused substantial damage to the Amblewood buildings. Amblewood filed a claim with Empire on September 18, 2017.

On June 17, 2019 Amblewood and RR Restoration signed a "Work Authorization Agreement" and an "Addendum." Plaintiff characterizes these documents as an "assignment of benefits," while Empire sees them as simply an agreement to enter an assignment which was never actually done.

On October 8, 2021, RR Restoration, purporting to be the assignee of Amblewood, filed a one-count breach of contract complaint against Empire in state court in Collier County, Florida. On November 19, 2021, Empire filed a Notice of Removal (Doc. #1) removing the case to federal court. The Complaint (Doc. #3)

alleged that after the loss caused by Hurricane Irma, Amblewood "assigned certain benefits by and through the Policy to Plaintiff. Plaintiff, as assignee, is entitled to such benefits up to the amount of services rendered or to be rendered by Plaintiff in connection with the Claim. A copy of the assignment of benefits is attached hereto as Exhibit B (hereinafter the "AOB")." (Doc. #3, ¶ 14.) Attached as Exhibit B was the June 17, 2019 "Work Authorization Agreement" and the "Addendum." (Doc. #3-2.)[1]

Empire's Answer (Doc. #20) "[a]dmitted that Amblewood purported to make an assignment of benefits to RR Restoration. Denied as to any implication that the assignment is valid. Without knowledge that Exhibit B represents a complete and authentic copy of the assignment and, therefore, denied." (Id. at ¶ 14.) In its current motion to dismiss, Empire argues that "the Complaint falsely alleges Amblewood assigned its rights and benefits under the insurance policy to Plaintiff." (Doc. #86, p. 5.) This aspect of the Complaint is false, Empire asserts, because neither the Work Authorization Agreement nor the Addendum "expressly authorizes Plaintiff to pursue legal action against Empire." (Id. at 6.) As a result, Empire argues, these documents do not confer standing for RR Restoration to sue Empire for benefits under the

---

[1] Though Plaintiff labeled this exhibit as "Exhibit B", the Court will cite each exhibit herein by the numerical number assigned to it by the Court's CM/ECF system—in this case, Exhibit 2.

insurance Policy. (Id.) This leaves the federal court without subject matter jurisdiction since standing is an issue with jurisdictional significance.

### III.

"Federal courts are courts of limited jurisdiction." Home Depot U.S.A., Inc. v. Jackson, 587 U.S. ----, 139 S. Ct. 1743, 1746 (2019) (internal quotation marks omitted). "It is to be presumed that a cause lies outside this limited jurisdiction" unless the party asserting jurisdiction proves otherwise. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Article III of the Constitution limits the jurisdiction of federal courts to "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. "[T]hat means the plaintiff must have standing (a personal stake in the matter) . . . ." Keister v. Bell, 29 F.4th 1239, 1249 (11th Cir. 2022) (citations omitted). Article III standing "is a threshold jurisdictional question." Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917, 923 (11th Cir. 2020) (en banc). At an "irreducible constitutional minimum," the standing doctrine requires that a plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (citation omitted). See also Lewis v. Governor

of Ala., 944 F.3d 1287, 1296 (11th Cir. 2019)(en banc). "Standing asks, in short, whether a particular plaintiff even has the requisite stake in the litigation to invoke the federal 'judicial Power' in the first place." Gardner v. Mutz, 962 F.3d 1329, 1337 (11th Cir. 2020).

Because standing is a jurisdictional matter, it cannot be sidestepped. Id. at 1338-43. And "[q]uestions of the litigants' standing may be raised at any time . . . ." Smith v. Miorelli, 93 F.4th 1206, 1211 (11th Cir. 2024) (citing Williams v. Reckitt Benckiser LLC, 65 F.4th 1243, 1251 (11th Cir. 2023)).

"Article III standing must be determined as of the time at which the plaintiff's complaint is filed." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275-76 (11th Cir. 2003). When ruling on a facial challenge to standing, the Court must accept as true all material factual allegations of the complaint and construe them in favor of the complaining party. Corbett v. Transp. Sec. Admin., 930 F.3d 1225, 1228 (11th Cir. 2019). The Court limits consideration to the facts contained in the pleadings and attached exhibits. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1199 (11th Cir. 2007). At the pleading stage, "general factual allegations" showing the elements of standing will suffice. MSPA Claims 1, LLC v. Tenet Florida, Inc., 918 F.3d 1312, 1318 (11th Cir. 2019).

The normal remedy for a lack of subject matter jurisdiction is dismissal without prejudice. Wiand v. ATC Brokers Ltd., 22-13658, 2024 WL 1163902, at *6 (11th Cir. Mar. 19, 2024)("Because standing is a threshold jurisdictional question, the district court was not empowered to reach any merits question. And ordinarily, absent standing, a court must dismiss the plaintiff's claim without prejudice." (citations and punctuation omitted)); Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008)("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.")  Here, however, the case was removed from state court to federal court, so the proper remedy would be to remand the case back to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Mack v. USAA Cas. Ins. Co., 994 F.3d 1353, 1359 (11th Cir. 2021)(collecting cases).

## IV.

To establish standing for Article III purposes, RR Restoration must show that it held a legally protected interest in the insurance Policy which was injured by Empire.  "[A] plaintiff must have standing under both Article III of the Constitution and applicable state law in order to maintain a [breach of contract] cause of action." Ave. CLO Fund Ltd. v. Bank of Am., NA, 709 F.3d

1072, 1077-78 (11th Cir. 2013) (quoting Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 173 (2d Cir. 2005)). To resolve the current motion, the Court only need determine whether RR Restoration has standing under Article III of the Constitution, although this determination is informed by Florida substantive law.[2]

"A person not a party to nor in privity with a contract has no right to enforce it." Gallagher v. Dupont, 918 So. 2d 342, 347 (Fla. 5th DCA 2005). As the insured under the Policy, Amblewood allegedly suffered an injury-in-fact. RR Restoration has standing if it was validly assigned the insurance benefits under the Policy, the right to sue Empire for the benefits, or both. MSPA Claims 1, 918 F.3d at 1318-19.

RR Restoration argues that Empire lacks standing to challenge the validity of the assignment. This is certainly incorrect as to Article III standing, since RR Restoration is attempting to compel Empire to pay it millions of dollars based on the existence and validity of the assignment. This clearly allows Empire to challenge the assignment.

---

[2] "In diversity cases, we are required to apply the substantive law of the forum state; here, Florida." Pelaez v. Gov't Employees Ins. Co., 13 F.4th 1243, 1249 (11th Cir. 2021)(citation omitted.) Additionally, the Work Authorization Agreement provides that it "shall be governed by the laws of the state in which the services were rendered." (Doc. # 3-2, ¶ 8.) In this case—Florida.

The parties dispute whether the pertinent documents constitute a valid assignment. The Complaint attaches and relies upon the Work Authorization Agreement and the Addendum, asserting that these documents constitute an assignment of benefits to RR Restoration. The Work Authorization Agreement (Doc.#3-2) is a two-page form document signed by both parties. It describes "The Work" to be done as "[a]ll permanent repairs to the Property resulting from Hurricane Irma damage . . . ." (Id.) "The Price" is set at "the total insurance proceeds ("Proceeds") collected from the insurance policy(s) for the Work." (Id.) The parties then agreed to items set forth in eight paragraphs, of which only the fourth mentions an "assignment": "Where and to the extent allowed by law, the Customer agrees to give the company its assignment of benefits rights to its insurance policy(s) and allow the insurance carrier to make payments to the insured. All payments will be held by the insured in a hurricane account and payed [sic] in full to RR Restoration as per work is completed on a percentage basis." (Id. at ¶ 4.)

Under Florida law, an "assignment" "is defined as a voluntary act of transferring a right or an interest." Bioscience W., Inc. v. Gulfstream Prop. & Cas. Ins. Co., 185 So. 3d 638, 641 (Fla. 2d DCA 2016). As explained by a Florida appellate court:

> "An assignment has been defined as 'a transfer or setting over of property, or of some right or interest therein, from one person to

> another.'" Sidiq v. Tower Hill Select Ins. Co., 276 So. 3d 822, 825 (Fla. 4th DCA 2019) (quoting Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 376 (Fla. 2008)). Once an interest has been assigned, "the assignor no longer has a right to enforce th[at] interest because the assignee has obtained 'all rights to the thing assigned.'" Id. (quoting Cont'l Cas. Co., 974 So. 2d at 376).

Brown v. Omega Ins. Co., 322 So. 3d 98, 100-01 (Fla. 4th DCA 2021).

At the time relevant to this case, Florida law allowed an insured to assign the right to benefits under a contract of insurance.[3] Schuster v. Blue Cross & Blue Shield of Florida, Inc., 843 So. 2d 909, 911-12 (Fla. 4th DCA 2003). However, an assignment of benefits must be specific, since an assignment can be tailored to the work that a contractor performs, rather than all of the rights under the insurance contract. Salyer v. Tower Hill Select Ins. Co., 367 So. 3d 551, 554 (Fla. 5th DCA 2023)(citations omitted); Sidiq v. Tower Hill Select Ins. Co., 276 So. 3d 822, 827 (Fla. 4th DCA 2019). This would allow both an insured and an assignee to have a cause of action against the insurer.

The plain and unambiguous language of the Work Authorization Agreement shows that it is not an assignment at all, but rather only an agreement to make an assignment in the future. There are

---

[3] Recently, "[f]or insurance policies issued after January 1, 2023, the Florida Legislature has declared all assignments to be void, invalid, and unenforceable." Kidwell Group, LLC v. SafePoint Ins. Co., 4D2022-2806, 2023 WL 8792662, at * 2 n.2 (Fla. 4th DCA Dec. 20, 2023)(citing Fla. Stat. § 627.7152(13)(2023)).

no words of assignment or transfer. The documents do not disclose what interest is transferred and what is not transferred. While the Complaint characterizes the two documents as an assignment, this is contradicted by the documents themselves, which control. Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016)("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.")

The Addendum confirms that no assignment was intended or given by these two documents. The first of the nine-paragraphs in the Addendum states: "Amblewood will sign an Assignment of Benefits to R&R Restoration." (Doc. #3-2, ¶ 1.) No such signed document is referred to or attached to the Complaint. The Addendum further provides that only Amblewood will have the authority to accept or reject an insurance settlement offer. (Id. at ¶¶ 4-6.) In short, the two documents do not purport to transfer anything to RR Restoration, and without a valid assignment RR Restoration lacks Article III standing. The case will therefore be remanded to state court.

The Court does not purport to bind the state court on any issue. The state court will not have an Article III issue, and state law appears to treat the lack of standing as a waivable affirmative defense. Schuster, 843 So. 2d at 912 ("There is no

question that lack of standing is an affirmative defense that must be raised by the defendant and that the failure to raise it generally results in waiver.")  An assignment of benefits may or may not deprive the insured of standing to assert its claim for breach of contract and the right to sue for damages.  Brown, 322 So. 3d at 102.

Accordingly, it is hereby

**ORDERED:**

1. Empire's Motion To Dismiss (Doc. #86) is granted to the extent that it is determined RR Restoration has no Article III standing to sue Empire and denied to the extent that Empire requests dismissal of the Amended Complaint.
2. Finding no subject-matter jurisdiction, the case is remanded to the Twentieth Judicial Circuit Court, in and for Collier County, Florida, for all further proceedings.
3. The Clerk shall terminate all pending motions as moot and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this   28th   day of March, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record